**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HURMAN LEE ROBERTS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 02-CV-0907-CVE-PJC |
| | ) |
| **RON WARD, Director, Oklahoma** | ) |
| **Department of Corrections,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner is a state inmate and appears *pro se*. In the petition (Dkt. # 1), Petitioner challenges the revocation of his suspended sentence entered in Rogers County District Court, Case No. CF-92-179. By Order filed September 17, 2004 (Dkt. # 13), the Court denied Respondent's motion to dismiss based on the argument that Petitioner failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), and directed Respondent to respond or otherwise plead to the single claim asserted in the petition. On October 18, 2004, Respondent filed a response (Dkt. # 15) to the petition and provided the state court records (Dkt. # 16) necessary for resolution of Petitioner's claim. Petitioner filed a reply (Dkt. # 17). Petitioner also filed a motion for a ruling (Dkt. # 19). For the reasons discussed below, the Court finds the petition should be denied. Petitioner's motion for a ruling has been rendered moot.

### *BACKGROUND*

The record before the Court reveals that on May 17, 1995, in Rogers County District Court, Case No. CRF-92-179, Petitioner's original sentence of five (5) years probation, entered on his plea of guilty to Assault With a Dangerous Weapon, was modified to five (5) years of confinement under

the supervision of the Department of Corrections ("DOC"), suspended. See Dkt. # 9, Ex. B. On October 14, 1999, after Petitioner was charged with First Degree Rape in Rogers County District Court, Case No. CF-99-97, the state district court held a hearing on the State's application to revoke the suspended sentence in CRF-92-179. See Dkt. # 16, Ex. 5. The revocation hearing was consolidated with the preliminary hearing held in Case No. CF-99-97. At the hearing, the state district court judge heard the testimony of the 15-year old victim of the alleged rape and the testimony of the investigator who interviewed Petitioner following the incident. Id. At the conclusion of the hearing, the application to revoke was sustained after the trial court found the evidence was at least by a preponderance of the evidence a violation of probation. Id. at 63. Petitioner was sentenced to serve five (5) years in custody of the Department of Corrections. Id. at 65. Petitioner was advised of his right to appeal the revocation. Id. at 66. However, Petitioner indicated he desired immediate transportation rather than remaining at the jail during the ten-day period to talk with his attorney about any appeal. Id.

On March 30, 2000, Petitioner filed a "Motion to Appeal Revocated (sic) Sentence," seeking an appeal out-of-time from the order of revocation.[1] See Dkt. # 16, Ex. 4. On February 27, 2002, the state district court denied the motion. See id., attached order from Rogers County District Court. Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. PC-2002-385. The OCCA found that the district court should have treated the motion as a post-conviction application for an out-of-time appeal, and should have determined whether Petitioner was

---

[1] In his motion to appeal, Petitioner requested an appeal from the revocation order because his attorney had failed to initiate a timely appeal. In the alternative, Petitioner requested that the revoked sentence be set aside as void "since the revocation was based solely on a subsequent conviction that defendant herein has not been convicted of, nor sentenced, making the grounds for revocation improper, especially in that said alleged conviction is not 'final.'" See Dkt. # 16, Ex. 4.

denied his right to appeal the order of revocation through no fault of his own. See id., attached order by the OCCA filed May 29, 2002. As a result, the OCCA remanded the matter for further proceedings. Petitioner's appeal in No. PC-2002-385 remained pending during the remand. Id.

On July 12, 2002, the state district court entered a "Supplemental Order Regarding Out-of-Time Revocation Appeal," see Dkt. # 16, Ex. 3, and found that Petitioner had been clearly advised of his right to appeal at the conclusion of the revocation hearing but that he had completely failed to "make any showing of any nature that he attempted in any fashion or manner to appeal the matter. The Defendant essentially waited in excess of five (5) months to give notice." See id. As a result the state district court denied the motion for an appeal out-of time. See id. Petitioner again appealed to the OCCA. By order filed October 4, 2002 (Dkt. # 16, Ex. 2), the OCCA affirmed the denial of post-conviction relief, concluding, *inter alia*, that "it is evident Petitioner has wholly failed to demonstrate error in the District Court concluding no merit exists to Petitioner's Motion for an out-of-time revocation appeal." Id.

Petitioner filed the instant petition for writ of habeas corpus on December 2, 2002, challenging the revocation order entered in Rogers County District Court, Case No. CRF-92-179. (Dkt. # 1). He asserts one (1) claim: that he received ineffective assistance of counsel when his attorney failed to commence an appeal from the revocation of his suspended sentence in CRF-92-179. Petitioner states that "counsel abandoned me immediately after revocation and never filed appeal as instructed by me of revocation." See Dkt. # 1 at 2. At the time he filed his petition, Petitioner was in custody of DOC, serving the sentences entered in CF-99-97.

3

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Procedural bar**

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that any claim challenging the validity of the revocation order or alleging that his attorney provided ineffective assistance in failing to file a Form 13.5 as required by Rule 1.14(D)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App., is procedurally barred. The OCCA's procedural bar based on Petitioner's failure to comply with Oklahoma procedural rules governing

4

appeals is an "independent" state ground because it "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar based on Petitioner's failure to raise the claims either in a timely appeal of the revocation order or before the state district court in the "motion to appeal revocated (sic) sentence" was an "adequate" state ground to bar the claim. The OCCA routinely bars claims that could have been but were not raised on appeal.

As a result of Petitioner's procedural default, this Court may not consider the claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner alleges that his trial attorney "abandoned" him during the ten-day period for commencing an appeal from the revocation order. That claim of ineffective assistance of counsel could serve as "cause" to overcome the procedural bar. However, as discussed in Section C, below, Petitioner is not entitled to habeas relief under § 2254(d) on his claim of ineffective assistance of counsel. Therefore, the claim cannot serve as "cause" to overcome the procedural default.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). However, in this action, Petitioner does not assert that he is actually innocent. As a result, he does not fall within the fundamental miscarriage of justice exception and has failed to overcome the procedural bar resulting from the default of his claims in state court.

**C. Claim adjudicated by state courts**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his claim that he had been "abandoned" by counsel to the state courts in his "motion for out-of-time appeal," treated as an application for post-conviction relief. The state district court rejected Petitioner's claim, finding that Petitioner had "completely fail[ed] to make any showing of any nature that he attempted in any fashion or manner to appeal the matter." See Dkt. # 16, Ex. 3. On post-conviction appeal, the OCCA affirmed the denial of post-conviction relief, addressing on the merits Petitioner's claim that his attorney failed to provide effective assistance and finding as follows:

> Petitioner next argues that he is entitled to an out-of-time revocation appeal because his trial counsel 'abandoned him during the appeal process,' contending his 'counsel failed to take an appeal as directed.' Neither before this Court, nor before the District Court, does Petitioner state how it was that counsel abandoned him or when, where, or in what manner it was that he first directed his counsel, or attempted to direct counsel, to commence an appeal of the order of revocation. Moreover, Petitioner present no proof that, within the applicable ten-day period, he ever expressed any desire to appeal to trial counsel or to anyone else. Absent evidence to the contrary, we presume Petitioner's trial counsel provided reasonable professional assistance to this client. In the record in Petitioner's matter, there is not so much as a scintilla of evidence that Petitioner timely decided to appeal and thereupon sought to have his trial counsel pursue an appeal. Petitioner's Motion to Appeal presented only a self-serving, unexplained conclusion that he was 'abandoned by counsel.'
> Apparently, Petitioner would have both the District Court and this Court to simply presume he made a timely request to appeal; however, there is no basis for such a presumption. This is especially true where Petitioner, after being notified he could appeal and remain in the county jail to discuss the possibility of appeal with trial counsel, decided there was no need for him to remain to talk to his attorney concerning appeal.
> \* \* \* \*
> From the foregoing, it is evident Petitioner has wholly failed to demonstrate error in the District Court concluding no merit exists to Petitioner's Motion for an out-of-time revocation appeal. For this reason, the District Court's final order denying post-conviction relief must be affirmed.

(Dkt. # 16, Ex. 2 at 5-6 (footnote and citation to record omitted)). In footnote 3 of its opinion, the OCCA, citing to Fields v. State, 923 P.2d 624, 635 (Okla. Crim. App. 1996), for the two-pronged

7

standard of Strickland used for evaluating ineffective assistance of counsel claims, agreed with Petitioner that trial counsel has a professional obligation to perfect an appeal when his client timely directs him to do so. However, the OCCA found that "the problem in Petitioner's matter is that he presents no proof that he timely directed his counsel to appeal." See Dkt. # 16, Ex. 2 at 5 n. 3. Thus, the OCCA rejected Petitioner's claim of ineffective assistance of counsel on the merits. As a result, this Court shall analyze Petitioner's claim under 28 U.S.C. § 2254(d), (e)(1).

### *Ineffective assistance of counsel/denial of right to appeal*

Petitioner complains that his attorney failed to commence an appeal from the revocation order as he had requested, and that as a result he was denied an appeal from the revocation order through no fault of his own. As discussed above, the OCCA made findings of fact and rejected this claim on the merits. See Dkt. # 16, Ex. 2.

The Court finds that this claim amounts to a claim of ineffective assistance of counsel for failing to take steps necessary for initiation of the appeal process. Respondent responds that this claim is procedurally barred, but argues in the alternative that Petitioner is not entitled to relief on this claim under the standard found at § 2254(d). See Dkt. # 15. In his reply (Dkt. # 17) to Respondent's response, Petitioner continues to assert, without any supporting evidence, that he directed his attorney to commence an appeal during the ten (10) day period, but that his attorney abandoned him.

Oklahoma law provides that review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal and that the scope of review is limited to the validity of the revocation order. See Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. Therefore, to commence an

appeal from a revocation order, trial counsel is required to file a notice of intent to appeal and a designation of record within ten (10) days from the date the Judgment and Sentence is imposed in open court. See Rule 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.  Petitioner claims that "[u]pon leaving the revocation proceedings, outside of the court room, Petitioner DIRECTED counsel to file for an appeal, and to come to the Jail to discuss about what grounds there were for an appeal." See Dkt. # 17 at 2 (emphasis in original).  However, no appeal from the revocation order was commenced.  As a result, Petitioner claims he was denied effective assistance of counsel and deprived of an appeal through no fault of his own.

It is well established that to prevail on an ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995).  The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance.  Strickland, 466 U.S. at 687. To satisfy the first prong of this test, petitioner must overcome the strong presumption that counsel rendered reasonable professional assistance. Id. at 690.  To satisfy the second prong, a petitioner must show "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000).  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480.

In this case, the record demonstrates that despite being informed by the trial court of his right to appeal and that he could consult with his attorney about an appeal, see Dkt. # 16, Ex. 5 at 65-66, Petitioner failed to take the steps necessary to perfect an appeal of the order revoking his suspended sentence. As he did in state court, Petitioner presents nothing but his own self-serving statements to suggest that his attorney had any reason to know that Petitioner desired to commence an appeal from the revocation order. Furthermore, Petitioner does not assert in this case and nothing in the record suggests the existence of any valid ground for challenging the revocation order. The Court finds that under the facts of this case, Petitioner's attorney had no duty to confer with him concerning his appeal rights during the 10-day period following the revocation of his suspended sentence. As a result, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard and he is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

Furthermore, as indicated above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner argued in his state post-conviction proceedings that he had been denied an appeal through no fault of his own because he had been abandoned by his attorney who failed to commence an appeal as he had been directed. However, Petitioner provided no documentation or any evidence in support of his self-serving and conclusory assertions. After reviewing the record, the state district court concluded that Petitioner had failed to demonstrate he was denied an appeal through no fault of his own. The OCCA agreed and affirmed the denial of post-conviction relief. That finding of fact by the state courts is entitled to a presumption of correctness under § 2254(e)(1).

Petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. In support of his claim, Petitioner asserts that his attorney failed to file Form 13.5, stating that he had been fully advised of his right to appeal and did not want to appeal. See Rule 1.14(D), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. Petitioner contends that his attorney's failure to file the form supports his claim that he was abandoned by his attorney. As discussed in Section B above, Petitioner presented this argument for the first time to the OCCA on post-conviction appeal. However, the state appellate court refused to consider the claim because Petitioner had defaulted the claim when he failed to raise it before the state district court. As a result, consideration of the claim by this Court is procedurally barred.

Furthermore, the Court finds the transcript from the revocation hearing supports the state courts' conclusion that Petitioner was not denied an appeal through no fault of his own. At the conclusion of the hearing, Petitioner assured the trial court judge that he understood his appeal rights and chose to be transported immediately to the Department of Corrections rather than remaining in the jail so that he could consult with his attorney about any appeal. See Dkt. # 16, Ex. 5 at 65-68. Based on the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' finding that his claim that he was denied an appeal through no fault of his own was without merit. Petitioner is not entitled to relief under § 2254(e)(1).

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. Petitioner's motion for a ruling (Dkt. # 19) is **declared moot**.

**IT IS SO ORDERED** this 13th day of February, 2006.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT